OPINION
Appellant Jonathan Cropper appeals the judgment of the Tuscarawas County Court of Common Pleas, Juvenile Division, finding him delinquent by reason of the commission of a robbery. The relevant facts leading to this appeal are as follows. On July 8, 2000, Kathy Hagarman and her daughter stopped at the Quality Farm and Fleet store in New Philadelphia. As Hagarman approached the entrance to the store, two young men walked towards her in the parking lot. One of them grabbed at her purse, and after a brief struggle, both men fled. The incident caught the attention of several employees and bystanders, some of whom gave chase. Police quickly responded, and appellant was soon caught by New Philadelphia police officers after running up over the nearby river bank and through a Hampton Inn parking area. On July 12, 2000, appellant was charged with delinquency by reason of robbery. After an evidentiary hearing on August 8, 2000, appellant was found delinquent as set forth in the complaint. Appellant was subsequently sentenced at disposition to a minimum of one year at DYS. Appellant timely filed a notice of appeal and herein raises the following three Assignments of Error:
 I. THE TRIAL COURT ERRED IN NOT SUSTAINING APPELLANT'S MOTION TO DISMISS AT THE CLOSE OF THE STATE'S CASE.
 II. THE TRIAL COURT'S FINDING THAT APPELLANT WAS DELINQUENT BY VIRTUE OF HAVING COMMITTED THE OFFENSE OF ROBBERY IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 III. THE TRIAL COURT ERRED FINDING APPELLANT DELINQUENT BY VIRTUE OF HAVING COMMITTED A ROBBERY ON JULY 8, 2000 BECAUSE THERE WAS INSUFFICIENT EVIDENCE TO SUPPORT THE TRIAL COURT'S FINDING.
Standard of Review
In State v. Thompkins (1997), 78 Ohio St.3d 380, the Ohio Supreme Court described the difference between sufficiency and weight of the evidence. Sufficiency refers to the legal standard which the court applies to determine whether the evidence is legally sufficient to submit the matter to a jury. Weight of the evidence, on the other hand, refers to the standard with which the trier of fact determines where the greater amount of credible evidence lies on one side of an issue rather than the other. In determining issues concerning the weight of the evidence, the reviewing court must consider the entire record to determine whether the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed. Thompkins at 387, citing State v. Martin (1983), 20 Ohio App.3d 172.
 I, III
In his First and Third Assignments of Error, appellant challenges the decision of the trial court on the basis of the sufficiency of the evidence. In considering the sufficiency of the evidence, our standard is as follows: * * * [T]he inquiry is, after viewing the evidence in the light most favorable to the prosecution, whether any reasonable trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.
State v. Jenks (1991), 61 Ohio St.3d 259, 273.
The relevant statutory definition of robbery, per R.C. 2911.02, is as follows:
 (A) No person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall do any of the following:
* * *
 (2) Inflict, attempt to inflict, or threaten to inflict physical harm on another.
* * *
The state called five witnesses during its case in chief. The first, Brandy Perko, testified that she drove appellant, Mike Gambs, and Randy Shaffer to New Philadelphia on July 8, 2000, and parked in the lot of a hotel next to the BP Gas Station. At that point, she recalled, appellant and Gambs exited the vehicle. The next time she observed appellant, he had been apprehended by the police. Tr. at 14-17. The state also called Kathy Hagarman, the victim of the robbery. She testified that as she walked towards the Quality Farm and Fleet store, two young men approached her, one of whom gave her a strange look and proceeded to grab her purse strap. Refusing to let go, she held on and fell down, suffering skin abrasions, as her assailant unsuccessfully attempted to take possession of the purse. She was not able to affirmatively recognize appellant at trial, indicating "it's been too long." Tr. at 35. However, she placed her assailant's age at fifteen to seventeen, and stated that the other man was older than that. Tr. at 37. She further recalled both individuals eventually running from the scene. Tr. at 39. The state further elicited testimony from Jon Clark, a bystander in the Quality Farm and Fleet parking lot who attempted to give chase to one of the two fleeing young men after hearing Hagarman fall to the pavement. Clark "never saw his face," but after police apprehension, he believed appellant's clothing, hairstyle, and build matched the young man he tried to chase. Tr. at 48. Officer Risinger of the New Philadelphia Police Department also testified as to the chase events, arrest procedure, and his observation of Hagarman's injuries. Tr. 53-63. Risinger was dispatched after the robbery occurred; however, appellant's alleged accomplice, Mike Gambs, rendered the following in regard to the criminal act itself: Q. Now is there anything in your written statement that you have not testified to that you now recall after reviewing your written statement?
A. Um, that he did say that he was going to do something and then I seen him grab a lady's purse, and so I took off.
Q. Do you recall that now?
A. Yes.
Q. So you actually saw him grab a lady's purse?
A. Yes.
Q. And prior to that did he tell you he was going to do that?
A. He never said he was going to grab a purse, he just said that watch this and . . .
Q. Okay, so you actually saw him take the lady's purse?
A. I seen him grab it, I never, and then I took off running.
Tr. 25-26.
Thus, appellant misstates the case when he asserts the state offered no eyewitness testimony that appellant committed the offense in question. Appellant's Brief at 2. As we have often reiterated, the trier of fact, as opposed to this Court, is in a far better position to weigh the credibility of witnesses. State v. DeHass (1967), 10 Ohio St.2d 230. Although the state's case lacked a positive identification by the actual victim, upon review a reasonable trier of fact could have found beyond a reasonable doubt that appellant inflicted physical harm on Hagarman while attempting to commit a theft offense. Thus, there was sufficient evidence to support the trial court's decision. Appellant's First and Third Assignments of Error are overruled.
 II
In his Second Assignment of Error, appellant argues that the decision of the trial court is against the manifest weight of the evidence. We disagree. Appellant took the stand at trial. He did not deny his presence at the vicinity of the Quality Farm and Fleet store on July 8, 2000. Rather, he asserted that while walking with Gambs in the store parking lot, Gambs suddenly said "watch this" and grabbed Hagarman's purse. He claimed he did not know Gambs' alleged acts were going to occur ahead of time. Tr. 69-70. On appeal, appellant points out purported gaps in the evidence, such as variances in the descriptions of clothing by the witnesses and Gambs' inability to testify as to appellant's actions until having his memory refreshed by a prior written statement to police. However, a full review of the record and transcript does not reveal the trial court lost its way and created such a manifest miscarriage of justice that the delinquency finding must be reversed. Thompkins, supra. The decision of the trial court is not against the manifest weight of the evidence. Appellant's Second Assignment of Error is overruled.
For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Juvenile Division, Tuscarawas County, Ohio, is hereby affirmed.
 ______________________ Wise, J.
Gwin, P.J., and Hoffman, J., concur.